**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:07cv257**

| | | |
|---|---|---|
| **MARVIN EDWARD ELLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **MARGARET SPELLINGS, Secretary, United States department of Education,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _______________________________ | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss or Transfer. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion to dismiss as well as a motion to transfer venue.

In accordance with Rule 12(b)(3), a court may dismiss a complaint for improper venue or transfer venue to a court where it could have been brought. 28 U.S.C. § 1406(a).

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). When considering a motion to dismiss for improper venue, a court must accept the facts alleged in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. Micromuse, Inc. v. Aprisma

Management Technologies, Inc., 2005 WL 1241924, *2 (S.D.N.Y. 2005).[1] Where the court's jurisdiction is founded under the *Rehabilitation Act*, which incorporates Title VII's venue provisions, it is plaintiff's burden to establish that (1) the alleged unlawful employment practice occurred in this district; (2) the employment records pertinent to such claim are maintained by defendant in this district; or (3) that defendant would have worked in this district but for the alleged unlawful employment practice. Further, defendant seeks dismissal based on plaintiff's failure to properly serve defendant within 120 days of filing this action. It is plaintiff's burden to now explain to the court why he has failed to perfect service upon the defendant. Finally, plaintiff is advised that if he fails to respond to defendant's motion, the court will summarily recommend that his claim be dismissed. The court will allow plaintiff 14 days from the date this Order is filed to so respond and such response must be in a writing filed with the Clerk of this court and served upon counsel for defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendant's Motion to Dismiss or Transfer within 14 days of the filing of this Order.

[1] Due to limits of electronic case filing, a copy of such unpublished opinion is incorporated into the electronic record through reference to the Westlaw citation.

Signed: November 26, 2007

Dennis L. Howell
United States Magistrate Judge