IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv257

| | |
|---|---|
| MARVIN EDWARD ELLIS,         )<br>                                                          )<br>         Plaintiff,                         )<br>                                                          )<br>Vs.                                                  )<br>                                                          )<br>MARGARET SPELLINGS, Secretary,  )<br>United States department of Education, )<br>                                                          )<br>         Defendant.                       )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

**THIS MATTER** is before the court on defendant's Motion to Dismiss or Transfer (#4). After entry of a *Roseboro* notice, plaintiff timely responded to such motion (#6) and the government promptly replied (#8). In what is captioned as an Amended Response (#9), plaintiff has filed a surreply; however, such a pleading is not permitted without leave of court. L.Cv.R. 7.1. Having carefully considered the pending motion and the responsive pleadings, the undersigned enters the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

**I.    *Roseboro* Notice**

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, was cautioned that he carries a heavy burden in responding to a motion to dismiss as well as a motion to transfer venue. Plaintiff was advised that in accordance with Rule 12(b)(3), a court may dismiss a complaint for improper venue or transfer venue to a court where it could have been brought. 28

1

U.S.C. § 1406(a). The court informed plaintiff that the

> district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Further, plaintiff was advised that when considering a motion to dismiss for improper venue, a court must accept the facts alleged in the Complaint as true and must draw all reasonable inferences in the plaintiff's favor. Micromuse, Inc. v. Aprisma Management Technologies, Inc., 2005 WL 1241924, *2 (S.D.N.Y. 2005).[1]

So as plaintiff could respond in a meaningful manner, the undersigned advised plaintiff that where, as here, the court's jurisdiction is invoked under the *Rehabilitation Act* (which incorporates Title VII's venue provisions), it is plaintiff's burden to establish proper venue by showing that (1) the alleged unlawful employment practice occurred in this district; (2) the employment records pertinent to such claim are maintained by defendant in this district; or (3) that defendant would have worked in this district but for the alleged unlawful employment practice.

Further, plaintiff was also advised that defendant seeks dismissal based on plaintiff's failure to properly serve defendant within 120 days of filing this action. Plaintiff was instructed that it was his burden to explain to the court why he has failed to perfect service upon the defendant.

Finally, the court advised plaintiff that he had 14 days to so respond.

---

[1] Due to limits of electronic case filing, a copy of such unpublished opinion is incorporated into the electronic record through reference to the Westlaw citation.

Plaintiff appears to have heeded the court's advice under *Roseboro* and timely filed an appropriate response. In addition, plaintiff has filed an "Amended Response," which the court deems to be a surreply. The court will accept such surreply nunc pro tunc inasmuch as the information contained therein aids the decision making process and furthers the overriding interests of justice.

**II.     Background**

In this case, a Complaint as well as an Amended Complaint have been filed by plaintiff. Typically, the court would simply consider the allegations of the Amended Complaint as such a filing supplants the originally filed Complaint. See Fed.R.Civ.P. 15. The Amended Complaint in this matter appears, however, to be intended to add an additional claim to the original Complaint. Reading the pleadings in a light most favorable to plaintiff, the undersigned determines that plaintiff did not intend to abandon his original claims, but to supplement them through the amendment. Inasmuch as the court will be called upon to make a recommendation as to proper venue, the undersigned will conduct an in depth review of the factual allegations of the Complaint, first reviewing allegations relevant to venue and second construing allegations of substance in order to give context to this review.

    **A.     Plaintiff's Relevant Duty Station**

In his Complaint, plaintiff alleges that he was subjected to either a series or a continuum disability discrimination while he was an employee of the United States

Department of Education between 1989 and 2005. Comp., at p. 4-11.[2] In his Amended Complaint, plaintiff appears to allege an additional claim of harassment by the government through false collection claims. Am. Comp., at pp. 7-8.

At all times relevant to the claims asserted in his Complaint, plaintiff worked as an "Equal Opportunity Specialist" for the Department of Education. Compl., at 6. It further appears that his duty station was San Francisco, California, and that his union responsibilities required him "travel to Washington, D.C." Id. At no time was plaintiff's duty station in North Carolina; rather, it appears that plaintiff moved to Black Mountain, North Carolina, after officially retiring from government service.

Attached to plaintiff's surreply are notifications of personnel action indicating that plaintiff's duty station was in fact San Francisco. Docket Entry #9-5. Further, correspondence from plaintiff to his employer indicates that he resided in Vallejo, California, when last employed by the government. Docket Entry 9-4, at 2.

Attached to plaintiff's Complaint is a copy of the final decision of the EEOC, which was issued and mailed on April 20, 2007, with a presumptive receipt date of April 25, 2007. Docket Entry # 1-2, at 1. In that administrative decision, the EEOC specifically found that "[a]t the time of events giving rise to this complaint, complainant worked . . . in the agency's Office of Civil Rights (OCR) in San Francisco, CA." Id.

Finally, plaintiff was advised by the EEOC that he had 90 days from receipt of

---

[2] Assuming this action was timely filed, the only actionable claims would be those raised in plaintiff's final EEO claim for which he received a right to sue letter.

the letter to file a civil action in the United States District Court. Docket Entry 1-2, at 5. The EEOC did not, however, advise plaintiff that he had to file such action in the Northern District of California. Id.

**B.  Substantive Allegations**

At the time he filed the Complaint, plaintiff was 62 years old had taken voluntary retirement from his employment with the United States Department of Education.

Plaintiff contends that he filed his first administrative charge of disability discrimination against his federal employer in 1992 and that he prevailed in such matter in 1997. Further, he alleges that his employer entered into a settlement agreement with him in 1997 based on the EEO findings. Plaintiff alleges that the award was based, in part, on his employer failing to make reasonable accommodations that related to the impact his disability, apnea, had on his ability to travel for work.

Plaintiff alleges in his Complaint that in 1998 he became president of his local government employee union in San Francisco. Comp., at 5. Further, he alleges that the requirements of such representational position took up to 50 percent of the time required for his work duties, and that he requested from his employer reasonable accommodations. Id. Plaintiff contends that he asked for accommodations that included travel at government expense to locations that had back ups for his respirator and that he be allowed to work at home under a telecommuting agreement. Id.

Plaintiff contends that defendant denied these requests and would not allow

him to travel to a labor-management conference in Washington, D.C., in 2000, even though defendant paid for management to attend the same conference. He contends that he then filed a second administrative charge of discrimination based on these events in May 2003, and that the EEOC again found that defendant had violated the Rehabilitation Act, and ordered defendant to pay damages of $5000, which plaintiff contends defendant paid in 2006. Comp., at 7.

Plaintiff next alleges that in August 2003 he was elected president of the American Federation of Government Employees National Council 252, a position which he describes as being the representative of all bargaining unit employees in the Department of Education. He served in such capacity until his removal in May of 2004. Comp., at pp. 8- 9. As union president, plaintiff contends that defendant was obligated to pay all of his travel expenses as well as provide office space and equipment under the collective bargaining agreement. Comp., at 8. Plaintiff contends that defendant denied his request for payment of such expenses as well as leave, and that such travel to Washington was essential to his duties. Id. Concurrent with such denials, plaintiff further contends that defendant demanded medical documentation as well as a psychiatric report in order to consider his requests for accommodations, even though he did not claim any psychiatric illness. Comp., at 10. Further, plaintiff contends that defendant caused rumors to be spread to union members during his presidency that he could not effectively represent them because defendant would not accommodate his travel. Id. As a result, he contends, he was removed from his position as union president in 2004, and resumed full time his job

duties, at the office in San Francisco, until he applied for retirement in September of 2005. Comp., at pp.10-11.

Upon returning to full time work, plaintiff contends that defendant failed to accommodate his requests for leave to telecommute, but was instead required to report to work each day. As a result, he contends, he was required to use up both sick and annual leave, and as a result of the lack of accommodations, he was required to apply for retirement in 2005. Comp., at 11.

Plaintiff further contends that he filed a third complaint of discrimination in May 2004, to which defendant purportedly responded in 2006 that it was not furnished sufficient information by plaintiff to provide an accommodation. Id. Plaintiff alleges that on or about April 20, 2007, he received a right to sue letter, id., in which the EEOC apparently denied his third claim.

### C. Plaintiff's Causes of Action

For causes of action, plaintiff contends *inter alia* that defendant has violated the Rehabilitation Act by (1) not making reasonable accommodations for his disability, (2) for wrongfully disseminating information to other government employees concerning his disability, (3) hostile work environment, (4) retaliation, and (5) through disparate treatment.[3] Comp., at 11-19. In addition, plaintiff's Amended Complaint appears to allege claims of improper debt collection practices.

---

[3] The court makes no finding as to whether the claims are within the scope of the administrative charge of discrimination.

## III. Procedural History

On July 23, 2007, plaintiff filed this action in the Western District of North Carolina. On July 24, 2007, a civil summons was issued manually at plaintiff's request by the Clerk of this court for defendant Margaret Spellings.[4] Docket Entry #2. There have been no summonses issued for the United States Attorney or for the Attorney General of the United States in Washington, D.C. and neither have been served pursuant to Fed. R. Civ. P. 4(i).[5]

## IV. The Government's Motion to Dismiss or Transfer

Defendant first moves to dismiss arguing that the United States of America, *eo nominee*, Margaret Spelling, Secretary of the United States Department of Education, has not properly been served and that venue is not proper in this district under the Rehabilitation Act. In the alternative to dismissal, the government request transfer of this matter to an appropriate venue under the Rehabilitation Act, to wit, the United States Court for North District of California.

## V. Applicable Standard: Rule 12(b)(3)

In accordance with Rule 12(b)(3), a court may dismiss a complaint for improper venue or transfer venue to a court where it could have been brought. 28 U.S.C. § 1406(a).

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

---

[4] The court makes no finding as to whether this action was timely filed.

[5] The court does not reach the issue of insufficient service of process inasmuch as venue is a threshold issue.

> justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). When considering a motion to dismiss for improper venue, a court must accept the facts alleged in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. Micromuse, Inc. v. Aprisma Management Technologies, Inc., 2005 WL 1241924, *2 (S.D.N.Y. 2005).[6] It appearing that plaintiff has asserted a colorable claim under the Rehabilitation Act, the undersigned finds that the interests of justice require consideration of transfer to an appropriate venue rather than dismissal, inasmuch as dismissal may well be fatal to plaintiff's claim due to the 90 day filing requirement under the Rehabilitation Act.

## VI. Discussion

While the place of residence of a plaintiff is clearly relevant to general venue considerations, 28 U.S.C. § 1391, under the Rehabilitation Act, the place of plaintiff's residence at the time he receives his right-to-sue letter is irrelevant to determining where a civil action must be filed. Instead, venue for actions against the government under the Rehabilitation Act is determined by applying the special provisions governing Title VII cases, which are incorporated into the Rehabilitation Act and operate to "trump" the general venue provisions of Section 1391. Perkins v. Town of Princeville, 340 F. Supp.2d 624, 626 (M.D.N.C. 2004). The incorporated procedures are found at 42, United States Code, Section 2000e-5(f)(3), and provide as follows:

---

[6] Due to limits of electronic case filing, a copy of such unpublished opinion is incorporated into the electronic record through reference to the Westlaw citation.

9

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (2007).

Reading the Response in a light most favorable to plaintiff, it appears that plaintiff concedes application of special venue provisions and requests transfer. While the government argues that plaintiff has failed to satisfy his burden of showing this court where venue would properly be laid, Reply, at 5, the undersigned respectfully disagrees based on a complete review of all the pleadings and will recommend transfer to the North District of California under 28, United States Code, Section 1406.

While it appears that plaintiff may have had some duties in Washington, DC, a reading of all the pleadings makes it clear that at all times relevant to his final administrative charge of discrimination that his duty station was in San Francisco. Any argument that plaintiff may have made that venue would also lie in the District of Columbia appears to be alternative pleading, which is allowed under Rule 8(d)(2), Federal Rules of Civil Procedure. The District of Columbia does not, however, appear to be a proper venue under the criteria found in § 2000e-5(f)(3). Simply being

required to "travel to" the District of Columbia does not make that location a federal employee's duty station. Indeed, this court takes judicial notice that many if not most career federal employees are required to travel to the District of Columbia at some point on official duty.

Having determined that the Northern District of California is the appropriate venue, the court must decide whether the interest of justice require transfer of the case, or dismissal of the case. There is a preference for finding that the "interests of justice" favor transfer. Harley v. Chao, Secretary of Labor, 503 F. Supp. 2d 763, 774 (M.D.N.C. 2007). Dismissal of this case would be a harsh result based on what appears to be an innocent mistake by a *pro se* litigant. Further, dismissal of this case could well be fatal to plaintiff's colorable claims due to the 90 day filing requirement under the Rehabilitation Act. Finding that the interests of justice require transfer, the undersigned will, therefore, respectfully recommend that this action be transferred to the North District of California for further proceedings.

Inasmuch as venue is a threshold issue, the undersigned makes no recommendation on the government's motion to dismiss for insufficient service of process, Fed.R.Civ.P. 12(b)(5), or any other defenses which the government has, quite properly, preserved through joinder under Rule 12(g).

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the government's alternative Motion to Transfer (#4) be **ALLOWED**, that the Motion

11

to Dismiss for Improper Venue (#4) be **DENIED** without prejudice, and that this action be **TRANSFERRED** in accordance with 28, United States Code, Section 1406 to the United States Court for the Northern District of California, San Francisco.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: June 20, 2008

_____
Dennis L. Howell
United States Magistrate Judge